Filed 4/24/25  P. v. Zakharov CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C101341 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FE017665) |
| v. | |
| YEVGENIY ZAKHAROV, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Yevgeniy Zakharov filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

## I.  BACKGROUND

The People charged defendant with receiving stolen property for buying a moped he knew had been stolen, possessing a lockpick with intent to feloniously break or enter,

1

and possessing paraphernalia used for unlawfully injecting or smoking a controlled substance. The People also alleged that defendant had previously been convicted of a serious felony and that circumstances relating to the crimes and to defendant aggravated the offenses.

At trial, a police officer testified that he saw defendant standing next to a moped holding a motorcycle helmet in the parking lot of a closed business at approximately 10:20 p.m. As the officer parked, defendant was digging in the storage compartment under the seat of the moped. The officer approached, shining his flashlight at the moped, and saw that it looked freshly spraypainted and was missing its license plate. A golf cart key was in the moped's ignition.

Another officer located a VIN on the moped, which the officers used to contact the registered owner. While waiting for the owner, one officer searched the moped and found two power tools, a phone charging cable, and a prescription pill bottle with defendant's name on it.

The owner testified that, when he arrived, he identified the moped as the one he had purchased approximately two and one-half months earlier for $1,800. The owner confirmed that the moped had not been spraypainted and had a rear license plate when he last saw it, and told the officers it had gone missing almost two months earlier. The owner did not know defendant and had not given defendant permission to use the moped. The owner also confirmed that the key the officers found in the moped's ignition was different then the keys that came with the moped.

The officers arrested defendant and searched him. In defendant's jacket pocket, an officer found a glass pipe with methamphetamine residue on the burnt bulbous end. The officer also found a lockpick in defendant's pants pocket.

The jury found defendant guilty of all three offenses. Defendant waived his right to a jury trial on the prior serious felony and aggravating circumstances allegations. The trial court found defendant had previously been convicted of a serious felony, his prior

2

convictions as an adult were numerous or of increasing seriousness, he was on probation at the time he committed the offenses, and his prior performance on probation was unsatisfactory.

The probation report recommended sentencing defendant to four years in prison, comprising the middle term of two years for receiving stolen property, doubled due to the prior serious felony conviction. Defendant filed a motion asking the trial court to strike the prior serious felony conviction and grant probation. At the sentencing hearing, defendant also moved the court to declare his conviction for receiving stolen property a misdemeanor. The court denied both motions. The court imposed the lower term sentence of 16 months in prison for receiving stolen property, which was doubled to two years eight months due to the prior serious felony conviction. The court imposed a stayed six-month sentence for possessing a lockpick and a two-month concurrent sentence for possessing drug paraphernalia. The court credited defendant with 436 days served towards the sentence, ordered restitution in an amount to be determined, imposed a $300 restitution fine, a suspended $300 parole revocation fine, $120 in court operations assessments, and $90 in conviction assessments.

Defendant filed a timely notice appealing from the judgment.

## II. DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days elapsed, and defendant did not file a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors favorable to defendant. Accordingly, we will affirm the judgment.

3

## III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

ROBIE, Acting P. J.

/S/

MESIWALA, J.

4